IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

WANDA VÁZQUEZ-GARCED [1],
JULIO M. HERRERA-VELUTINI [2],
AND MARK T. ROSSINI [3],

Defendants.

CRIM. NO. 22-342 (SCC)

**OMNIBUS ORDER**

Restricted filings are the exception, not the norm. But as of late, the record has been swamped with multiple requests for documents to be filed under varying restricted modalities. Because of this, the Court must clarify when those requests are necessary and the parameters governing the same. The Court will also rule on several of the pending motions requesting that certain documents be filed in a restricted manner.

## I.   DISCUSSION

Much ado has been made about the interplay between the Protective Order[1] in place in this case and the need to file documents in a restricted manner. At first blush, it would even seem as if the Court has instructed the parties to file the bulk of their documents so that the public cannot view them. But that is not the case. And this is not the first time that the issue regarding restricted filings vis-à-vis the Protective Orders has arisen in this case.

On August 31, 2022, the Court entered a Memorandum and Order clarifying that the Protective Order[2] was not

---

[1] Two protective orders regarding discovery were entered in this case. *See* Docket Nos. 31 and 76. Their contents are the same, the only difference is that the Protective Order at Docket No. 31 was entered to govern the discovery between the Government and Defendants Wanda Vázquez-Garced and Mark T. Rossini since Defendant Julio M. Herrera-Velutini had yet to appear in this case. Once Defendant Herrera-Velutini appeared, what is essentially a carbon copy of the Order at Docket No. 31 was entered to govern the disclosure of discovery materials between him and the Government. *See* Docket No. 76; *see also* Docket No. 71, pg. 1 n. 1. So because the protective orders are one and the same, and for ease of reference, throughout this Omnibus Order, the Court will refer to them as the "Protective Order."

[2] Even though Defendant Herrera-Velutini had yet to appear when the Memorandum and Order at Docket No. 65 was entered, because the protective order at Docket No. 76 is the same as the one at Docket No. 31, the rulings in the Memorandum and Order equally apply to the protective order that was entered at Docket No. 76 and therefore equally apply to Defendant Herrera-Velutini.

intended to direct the parties to file all documents in this case under seal. *See* Docket No. 65, pg. 2 The only filings that should be made under seal were those regarding requests to seek relief from the Protective Order. *Id.* at pgs. 2-3. The Court then underscored that "moving forward, the parties shall comply with the District of Puerto Rico's rules regarding sealing, including Standing Order No. 9, and refrain from unnecessarily sealing documents that should be viewable to the public." *Id.* at pg. 3. Nothing has happened in this case since the entry of that Memorandum and Order that would lead the Court to alter that ruling. Bearing this in mind, the Court turns to several pending motions that were filed by Defendant Julio M. Herrera-Velutini.

### A. Defendant Herrera-Velutini's Motion to Restrict at Docket No. 339 and Supplemental Motion at Docket No. 388

Defendant Herrera-Velutini has moved the Court for leave to restrict his Reply in Support of his Motion to Dismiss. *See* Docket No. 339. He says that he did so out of an abundance of caution because it may contain information subject to the Protective Order, but he contends that neither his Motion to Dismiss at Docket No. 262 nor his Reply at Docket No. 340 should be restricted to the public. *Id.*

Specifically, he reasons that:

> (i)the public has a legitimate interest in these
> proceedings and the records filed therein;
> (ii) information contained in the Reply and
> the Motion to Dismiss is already known to
> the public; (iii) the late stage of these
> proceedings; and (iv) the lack of any
> overriding interests that would warrant the
> continued restrictions in these proceedings
> and overcome the presumption that federal
> proceedings remain open to the public.

*Id*. at pg. 2, ¶ 6.

At the crux of this request is the Protective Order which governs the Government's disclosure of discovery materials to the Defendants in this case. *See* Docket No. 31, pg. 1 and Docket No. 76, pg. 1. During the Status Conference held on October 2, 2023 (the "Status Conference"), the Government explained that the Protective Order has allowed the free flow of discovery material that has included grand jury transcripts and information regarding confidential informants. It added that the Motion to Dismiss contains information subject to the Protective Order and so the Motion to Dismiss should remain with the restriction that is currently in place.

The Government's position has not changed since the Status Conference. In its Response to Defendant Herrera-

Velutini's request to lift the viewing restriction, the Government essentially reiterated the arguments it advanced during the Status Conference and even briefed why the Protective Order should not be vacated in its entirety. *See* Docket No. 361. The Government did, however, confirm that it was amenable to having the Court consider whether redacted versions of filings containing information that may be subject to the Protective Order can be considered as an option so that these filings can be made public. *Id.* at pg. 7.

Defendant Herrera-Velutini supplemented his request to lift the restrictions placed on the Motion to Dismiss and the Reply in Support of the Motion to Dismiss by reiterating the request he made during the Status Conference for the Court to vacate the Protective Order in its entirety. *See* Docket No. 388. He also addressed some of the arguments raised by the Government in its Response at Docket No. 361. And he sought, in the alternative, for the Court to allow him to file redacted versions of the Motion to Dismiss and Reply in Support of the Motion to Dismiss.

After considering the arguments marshaled by the Government and Defendant Herrera-Velutini, the Court finds (and reiterates, for that matter) that each filing should be

evaluated on a "motion-by-motion" basis. As previously stated in the Memorandum and Order at Docket No. 65, the north star is Standing Order No. 9. For its part, the Protective Order in tandem with Federal Rules of Criminal Produce (mainly, Rules 6 and 49.1) provide the parties with the general parameters regarding the information that the public should not be privy to (at this stage of the proceedings) and would therefore mandate a restricted filing.

Here, the Court shares many of the Government's concerns regarding the use in Defendant Herrera-Velutini's Motion to Dismiss and Reply of the materials and information produced throughout discovery by the Government in view of the Protective Order. So while the Court may vacate the Protective Order (as the wording in the Protective Order very well indicates), it does not find that now is the time to do so based on the arguments advanced thus far. This reasoning is further bolstered by the fact that discovery is ongoing. As the Government explained during the Status Conference, the filter review team is still conducting a review of certain accounts. Once that review is complete and the information is

produced, discovery disputes could ensue. So, at this time, the Court understands that it would be premature to vacate the Protective Order.[3]

Therefore, the Court will **DENY in part and HOLD IN ABEYANCE in part** the Supplemental Motion at Docket No. 388. Specifically, while the request to vacate the Protective Order at Docket No. 388 is denied at this time, the alternative relief to file redacted versions of the Motion to Dismiss and the Reply in Support of the Motion to Dismiss is held in abeyance. Further, the Government is **ORDERED** to evaluate the proposed redacted versions of the Motion to Dismiss and the Reply in Support of the Motion to Dismiss tendered at Docket Nos. 388-1 and 388-2 and show cause by **November 10, 2023** as to why those versions should or should not be filed in this record and made public. Should Defendants Wanda Vázquez-Garced and Mark T. Rossini wish to chime in, they may also do so by **November 10, 2023**.

Lastly, the request at Docket No. 339 is **GRANTED in part and DENIED in part**. It is granted as far as the request for a restricted filing is concerned and it is denied as far as the

---

[3] During the Status Conference, Counsel for Defendant Herrera-Velutini also stated that she had sent two letters requesting additional discovery and she anticipated the filing of a motion to compel.

request to lift the viewing restrictions is concerned. Accordingly, the Motion to Dismiss at Docket No. 262 and the Reply at Docket No. 340 shall remain under the Selected Parties viewing modality until otherwise ordered by the Court.[4]

## B. Defendant Herrera-Velutini's Motion to Restrict at Docket No. 373

Defendant Herrera-Velutini has also moved the Court to allow him to file his Reply in Support of his Motion for Change of Venue under the Selected Parties viewing modality. *See* Docket No. 373. He claims that restriction is necessary "to protect the confidentiality of the matters set forth [in the Reply, tendered at Docket No. 374]. Mainly, to protect the side bar discussion with the Court, at the last hearing, and to minimize damage to Mr. Herrera that could result from the negative press cited in Mr. Herrera's moving and reply briefs." *Id.* at ¶ 2. After reviewing the tendered Reply at Docket No. 374, the Court finds that the requested restriction is warranted, but not because the Reply contains matters discussed during the sidebar. There is nothing in the

---

[4] This means that only the Court, the Defendants and the Government will have access to these filings.

motion regarding the sidebar discussion. And the argument regarding the negative press that he could receive does not, without any supporting authority, sway the Court to grant the request to restrict. However, out of an abundance of caution, the Court will authorize the restriction at this time since it appears that the Reply addresses matters regarding Defendant Herrera-Velutini's potential trial strategy. Therefore, the motion at Docket No. 373 is **GRANTED.** But this is not where the Court's discussion ends.

Before wrapping up, the Court must take a step back to reevaluate its ruling regarding the viewing restriction level placed on Defendant Herrera-Velutini's Motion for Change of Venue at Docket No. 342. The Minute Entry memorializing the Status Conference shows that Defendant Herrera-Velutini was instructed to file his motion for change of venue and/or recusal under seal. *See* Docket No. 329. The Court issued that directive because of the sidebar discussion that took place after Counsel for Defendant Herrera-Velutini raised certain concerns regarding the possibility that a conflict could arise that would prompt the undersigned to recuse herself from this case.

Defendant Herrera-Velutini complied with the Court's directive and moved for leave to file his motion under the Selected Parties viewing modality. *See* Docket No. 341. The request was premised on Defendant Herrera-Velutini's understanding that the restriction was required "to protect the confidentiality of the matters set forth [in the Motion for Change of Venue]" and "to protect the side bar discussion with the Court at the last hearing, and to minimize damage to Mr. Herrera that could result from the negative press cited in the motion." *Id.* at ¶ 2. Out of an abundance of caution, the Court granted the request. *See* Docket No. 349. But upon further review and consideration, the Court finds that the Motion for Change of Venue did not have to be filed in a restricted manner. There is no mention about the sidebar, and as previously mentioned, couching a request for a document to be restricted due to excessive publicity without pointing to any supporting authority allowing such a restriction on that ground will not be entertained by this Court as a basis for approving that a document be filed under one of the restricted viewing modalities. And to the extent that potential witnesses were mentioned, it was never specified who would be calling

those witnesses.[5] Accordingly, the Court finds that the Motion for Change of Venue at Docket No. 342 should no longer remain under the Selected Parties viewing restriction and should be made public.

### C. Moving Forward

To recapitulate, moving forward:

(1) The Court will treat requests for leave to file restricted documents on a "motion-by-motion" basis.

(2) The Court's analysis to determine whether a viewing restriction will be granted will be guided by Standing Order No. 9 and considerations regarding the applicable Federal Rules of Criminal Procedure, this District's Local Rules and whether matters pertaining to the Protective Order are in play.

(3) If a defendant intends to file a motion referring to, alluding to or making use of materials produced by the Government that are subject to the Protective Order, leave must be sought to file the same under the Selected Parties or *Ex parte* viewing restrictions. But if

---

[5] More fundamentally, the list of potential witnesses referred to did not significantly depart from the individuals mentioned in the Indictment. So the possibility that any of the individuals mentioned in the Indictment could potentially serve as witnesses is public knowledge given that the Indictment is public.

the defendant understands that the material subject to the Protective Order is already in the public domain or for example, if the defendant understands that redactions could take care of any lingering confidentiality or privilege issues, in the motion for leave to file the document in a restricted manner, the defendant must state the **specific reasons** as to why no filing restriction is necessary.  The Government will then be afforded 5 working days to file a response to the request and the Court will then issue its ruling.

(4) The parties are advised to err on the side of caution.

## II.  CONCLUSION

Strict compliance with the guideposts discussed in this Omnibus Order is expected. Accordingly:

- Docket No. 339 is **GRANTED in part and DENIED in part**;

- Docket No. 342 **shall be made public**;

- Docket No. 373 is **GRANTED**;

- Docket No. 388 is **DENIED in part and HELD IN ABEYANCE in part;** and

- The Government is **ORDERED** to show cause by **November 10, 2023** as to why the tendered redacted versions at Docket Nos. 388-1 and 388-2 of the Motion to Dismiss and the Reply in Support of the Motion to Dismiss should or should not be made public.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of November 2023.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE