UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>[2] JULIO HERRERA VELUTINI<br><br>Defendant. | CRIMINAL NO. 22-342 (SCC) |

**DEFENDANT JULIO HERRERA RENEWING
MOTION TO COMPEL AND EXCLUDE**

Defendant Julio Herrera Velutini ("Mr. Herrera") respectfully renews his motion to compel discovery and exclude all discovery not provided by December 2023.

### I.  Introduction

Mr. Herrera is left with no other recourse but to seek the Court's intervention again. Despite the government's repeated assurances and this Court's intervention, the prosecution's persistent failures to fulfill its discovery obligations have severely compromised Mr. Herrera's constitutional right to a fair trial. With the impending trial date of January 2025, Mr. Herrera's right to a defense is being critically undermined. Mr. Herrera respectfully requests the immediate production of the outstanding discovery and precluding the use of any evidence not produced in a timely and rightful manner, as further detailed herein.

As background, in December 2023, Mr. Herrera filed a Motion to Compel and Exclude Discovery (Docket No. 438).[1] During the January 2024 Status Conference, the Government assured the Court that it would provide **all pending discovery items**, including search warrant

---

[1] The Government responded to the Motion, and thereafter, Mr. Herrera and the government filed their respective responses and reply to briefs. See Dockets No. 438, 447, 467, and 477.

- 2 -

returns, privileged logs, and communications between OCIF and the FBI, by March 2024.[2] Despite its representation, the Government failed to produce all search warrant returns, documents voluntarily provided to the Government, all Delta files, privilege logs, and communications, including any text/WhatsApp messages between the FBI and OCIF, by March. All information that is material to Mr. Herrera's defense.

On May 1, 2024, the Government provided an additional 2.7 million pages of discovery at the last minute. However, it seems that most of the outstanding information was not included in this production. Furthermore, on May 28, 2024, the Government provided almost 400,000 pages of documents that were voluntarily provided by George Joyner of OCIF more than four years ago. Such late discovery is fundamentally unfair and undermines the principles of due process.

Mr. Herrera requests that the Government produce all remaining documents by June 3, 2024. To prevent further harm, the Government should be barred from using any documents not produced before December 2023 at trial. We hereby incorporate by reference all arguments previously made at Docket Nos. 438. And 467.

## II.    Documents Yet to be Produced

### A. Privilege Logs

The Government agreed to produce "filter logs," but none have been produced. *See* Dkt. No. 447 at p. 7. The Government should be compelled to make any privilege log by June 3, 2024, to allow Mr. Herrera and other defendants sufficient time to object to the same and to contest any privilege designation. The prompt delivery of these logs is essential, not just a formality, to prevent any delays in Mr. Herrera's defense preparation.

---

[2] This motion only intends to cover items for which Mr. Herrera understands there is no dispute. Other items, such as those pertaining to OCIF, are still pending adjudication.

**B. FBI-OCIF Communications**

The Government provided several emails between FBI and OCIF personnel. However, no WhatsApp or text messages were provided in the production. Furthermore, there is a good faith basis to conclude that the Government's production is incomplete. We request that the Government be ordered to explain how the search was conducted and certify that no additional communications exist between FBI agents and OCIF personnel, including text or WhatsApp messages.

**C. George Joyner Hard Drive**

As mentioned, George Joyner, a former Commissioner of Financial Institutions, willingly provided the Government with documents and other information over three years ago. The Government utilized these documents for its investigation.

The Government's delayed handover of almost 400,000 pages of documents, which apparently constitute only a partial production of material from that drive, just before the status conference is unfair to the defense, especially to Mr. Herrera. It's unreasonable to expect them to review such a large amount of information in such a short time.

To err on the side of caution, Mr. Herrera requests that the Government certify that it has shared all non-designated privileged documents provided by Joyner and be ordered not to use these documents at trial.

**D. Documents Related to the Government's Saltwater Breeze Investigation and Bancredito Investigation.**

The Government has obtained information through search warrants or voluntary disclosures and is fully aware of the material evidence that may be critical to the investigation. However, it has deliberately chosen to withhold this information for two or more years without a justifiable reason. Below are the documents that remain outstanding.

1. **CHS Delta Files[3]**

The Government has agreed to produce Delta file material for any confidential human sources "who provided information relevant to, or who are even tangentially related to, the public corruption investigation." *See* the letter dated April 28, 2023, at p. 3 (Dkt. No. 438-2). Yet, Delta files are missing for at least three sources, S-101560, S-83670, and S-87334, who provided information about the investigation into Mr. Herrera and his co-defendants.

2. **Potential Witnesses' Information in Possession of the Government**

There are still pending documents related to Frances Diaz, who agreed with the Government to testify against defendants in exchange for lesser charges. In particular, the Government has not produced documents pursuant to the consent searches of Apple and Yahoo! accounts that Diaz signed on October 14, 2021, for which the Government purportedly obtained documents. This has resulted in gaps in the date ranges of produced documents.

3. **Defendants' Communications**

The Government executed various search warrants, including those from Mr. Herrera's and other defendants' email accounts and Ms. Vazquez's phone. A review of material produced until May 2024 revealed significant gaps in these productions, including missing WhatsApp and iMessage communications that serve as the primary basis for the Government's charges. While the Government asserts in its May 2024 production letter that it has, as of the latest production, provided all filtered search warrant returns for these materials, a review of these voluminous materials has not yet verified that the production of these materials is complete. In addition, a full non-privileged production of Vazquez's phone, including Cellebrite and Axiom reports, remains outstanding.

E. **Documents Related to the Government's "Rusty Pipeline" Investigation**

---

[3] Mr. Herrera understands that certain CHS Delta files were submitted for in camera review.

In addition, to date, the Government has failed to produce a single search warrant or consent search return pertaining to an investigation that it dubbed "Rusty Pipeline" and that it merged into the current investigation because it is directly related to the charges filed against Mr. Herrera. This investigation sought information concerning the 2020 campaign efforts. As the Court knows, the 2020 campaign is central to the alleged conspiracies that will be the subject of the upcoming trial. Moreover, a review of productions to date indicates that individuals affiliated with the diverse campaigns were in contact and may have sought to influence the conduct of the competing campaign. The requested evidence also may contain prior statements of potential trial witnesses. Thus, the requested evidence is directly relevant to the issues that are the subject of the upcoming trial.

The materials that have not been produced include the returns from search warrants and consent searches concerning cooperating witnesses and a number of other subjects whose identities can be provided under separate cover: (1) Apple account, DOJ-177270; (2) phones and Apple accounts of Joseph Fuentes, a cooperating witness, including DOJ-177536, DOJ-42736, DOJ-142763, DOJ-188810, and DOJ-1888949; (3) Google account, DOJ-170747; (4) Google account, DOJ-170784; (5) Apple and Microsoft accounts, DOJ-177403 and DOJ-177802; Apple Account, DOJ-0000177669; (7) Apple account and telephone, DOJ-184389, and DOJ-188885; and (8) Google account DOJ-184282.

All these search warrants were issued more than two years ago and are material to the charges and allegations filed that centered on the 2020 campaign. The Government has had these materials throughout the investigation and through the filing of the indictment. The Government has further proffered that it may use "statements contained in text messages, messaging apps, or emails" as co-conspirator's statements at trial. Letter at p. 1-2, dated August 1, 2023 (Dkt. No. 438-4). Thus, they must be produced.

### III. The Court should exclude any discovery thus far not produced at trial

Again, Mr. Herrera reiterates that Rule 16 places a continuing duty to promptly disclose information when it is discovered before or during trial. Fed. R. Crim. P. 16(c). When a party fails to comply with Rule 16, as here, the Court may (1) order the discovery or inspection to occur; (2) grant a trial continuance; (3) exclude the undisclosed evidence; or (4) enter any other order that is just under the circumstances. Fed. R. Crim. P. 16(d)(2).

The trial is set for **January 2025**, and the defense has innumerable documents (perhaps even millions of additional documents) that have not been provided. The returns of the at least seven outstanding search warrants will likely be substantial, preventing Mr. Herrera from having sufficient time to review them and prepare for trial. For this reason, the Government should not be allowed to use any evidence resulting from withheld discovery at trial. Permitting the Government to use materials it has not already produced will render any trial fundamentally unfair.

### IV. Conclusion

Mr. Herrera respectfully requests an order compelling the Government to produce the categories of documents described in this Motion. He renews its request that the government be precluded from introducing all information not disclosed at trial as of December 2023 or, at the very least, those that, as of the March 2024 the Government did not produce.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 31st day of May 2024.

**DLA Piper (Puerto Rico) LLC**
*/s/ Sonia I. Torres-Pabón*
Sonia I. Torres-Pabón
(USDC-PR No. 209310)
sonia.torres@us.dlapiper.com
500 Calle de la Tanca, Ste. 401
San Juan, PR 00901-1969
Tel: 787-281-8100

**The LS Law Firm**
*/s/ Lilly Ann Sanchez*
Lilly Ann Sanchez, Esq.
(Fla. Bar No. 195677)
Email: lsanchez@thelsfirm.com

One Biscayne Tower, Suite 2530
South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 503-5503
Facsimile: (305) 503-6801

- 7 -

## CERTIFICATION

**IT IS HEREBY CERTIFIED** that on this same date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Sonia I. Torres-Pabón*
Sonia I. Torres-Pabón
