## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL NO. 22-342 (SCC) |
| v. | |
| [2] JULIO HERRERA VELUTINI | |
| Defendant. | |

## OBJECTION TO DESIGNATION OF EVIDENCE
## AND REQUEST FOR SPECIFICITY

**TO THE HONORABLE COURT:**

COMES NOW Defendant Julio Herrera Velutini ("Mr. Herrera"), by and through his undersigned attorneys, respectfully objects to the Government's Designation of Evidence filed on August 30, 2024, and requests that the Government be ordered to provide greater specificity to comply with Rule 12(b)(4).

### I.     Introduction

The Government has consistently and forcefully asserted that this case revolves around a limited and easily identifiable set of documents.[1] However, the Government's broad Designation of Evidence stands in stark contrast to these assertions, listing a massive volume of material and underscoring the undue burden placed on Mr. Herrera as he prepares his defense, including the filing of *in limine* and suppression motions. This prejudice is exacerbated by the rapidly approaching trial date, leaving Mr. Herrera with insufficient time to adequately prepare for trial.

---

[1] On June 3, 2024, the Government stated to the Court: "Most of what we intend to use in trial, Your Honor, were provided in Grand Jury transcripts and exhibits […]." *See* Dkt. 578, p. 15, l. 22-23.

On August 30, 2024, the Government filed a "catchall" Designation of Evidence for all defendants. *See* Dkt. 637.[2] The first 27 list broad, generalized categories, each beginning with "All," some even covering the entire contents of an email account or a cell phone, amounting to millions of pages of material. This lack of specificity makes it impossible to discern which evidence the Government intends to rely on at trial. Such intentional vagueness severely hinders Mr. Herrera's ability to effectively file suppression and other pre-trial motions, including motions *in limine*. The Court should order the Government to identify the specific evidence it intends to present at trial, describing the document along with the corresponding Bates stamp numbers that correspond to the document, as it did for Category No. 28, Items 1-150. This will ensure that Mr. Herrera can mount a fair and effective defense, as is his right.

## II.     Relevant Procedural Background

Throughout the history of this case, Mr. Herrera has consistently objected to the timing and disorganized nature of the Government's discovery production, which at times consisted of millions of scattered and unreadable documents. *See*, Dkts. 262, 333, 438, 476, 578, 641, 662[3] and others. Repeatedly, the Government dismissed Herrera's concerns, inaccurately claiming that all the discovery had been properly produced. This pattern of dilatory and abusive discovery practices has undermined Mr. Herrera's ability to prepare a defense and threatens his right to due process.

Considering these ongoing discovery disputes, the Court set a deadline for the Government to designate the evidence it intended to rely on at trial. The Designation was intended, among other purposes, to provide defendants with clarity regarding the evidence (documents) to be used and

---

[2] In a letter dated February 7, 2023, Mr. Herrera had previously requested the Government to provide a Designation of Evidence, which the government agreed to do so closer to trial.

[3] The Government's pattern of dilatory and abusive discovery practices is detailed in Mr. Herrera's Motion to Compel the Government to Identify *Brady* Material. (Dkt. 662).

enable them to file motions, including those for suppression and *in limine*. The Court expressed its belief that the Designation would help reduce the potential issues at the June Status Conference:

> THE COURT: How about a Designation of Evidence? "I think that's going to streamline issues immensely, and I think that's going to give the Defense an idea of, you know, where their dispositive motions will go, or any other type of motion that they deem appropriate." *Id*, p. 17, l. 4-8.

The Court then ordered the Government to provide a Designation of Evidence by August 30. *Id*, p. 37. Similarly, counsels for Mrs. Vázquez stated to the Court that they believed that the Designation of Evidence would diminish evidentiary issues and that the Government would substantially limit the evidence it intended to use at trial. *See*, Dkt. 641, p. 30.

Subsequently, on July 18, 2024, Mr. Herrera's counsel filed a Motion to Continue Trial, (Dkt. 592), due to the continued receipt of voluminous and scattered discovery from the Government, as well as several outstanding discovery requests and Rule 17 subpoenas.[4]

During the August status conference, Mr. Herrera reiterated his request for a continuance and informed the Court that he had received numerous additional documents from the Government as late as July 30th. He explained that the Government had dumped over 4.5 million pages of evidence on the Defendants, with barely less than five months to review, object to the evidence, and prepare for trial. *See*, Dkt. 641.[5] During this hearing, counsel for Mrs. Vázquez again expressed his belief that once the Government designated its evidence, the case would "shrink." *Id*, p. 30. Unfortunately, that did not happen.

The Government's Designation of Evidence did nothing to assist in facilitating trial preparation. Instead, that Designation defeated the Court's intended purpose of providing clarity regarding the information the prosecution intends to introduce at trial. The first 27 categories of

---

[4] The next day, the Court denied the motion without prejudice. *See*, Dkt. 593.

[5] Despite again asserting compliance with all discovery obligations, the Government then produced another more than one million pages of discovery *after* this status conference.

documents encompass over 30 million pages of material with no meaningful description. Other than identifying the source of the documents, the description offers little to no information for Mr. Herrera to assess the evidence the Government intends to introduce at trial, making it difficult to determine whether any motions to suppress or *in limine* must be filed.

Categories 1-27 can be summarized as follows:

(1) "**all content**" stemming from search warrants of the cellphones of five individuals (John Blakeman, Frances Diaz, Wanda Vazquez, Individuals A and B). The Blakeman and Diaz records alone consist of more than 17 million pages of material (between load and non-load ready files). *See* attached **Exhibit 1** (table describing an estimated volume for each Designation (if identifiable) and the corresponding production date(s)).

(2) "**all content**" stemming from search warrants of internet accounts (Apple, Yahoo, Google) of all co-defendants; amounting to 3.5 million pages of material. *Id*.

(3) "**bank records**" from 4 financial institutions stemming from search warrants; **other "records"** obtained from different individuals and entities; "**photographs and attachments**" related to Items 1-150 of the Chart; and "**all messages**" related to the Diario Las Americas 2020 article of codefendant Wanda Vazquez as well as the 2019 and 2020 interactions with Political Consultant A, collectively over 200,000 pages of material. *Id*.

None of the 27 categories provide even minimal guidance, let alone a clear description, of which evidence from the millions of pages that fit into those categories, the Government intends to introduce at trial. Moreover, based on what the Government told the Court at the August 7, 2024, status conference, the Designation is, to say the least, disingenuous.

During that hearing, the Government stated:

> "I think one point to be made to your honor, the defense always described in terms of page numbers, like, "it's banker boxes." . . . they have a road map as to who the important individuals are, individuals in the indictment, people that were involved

4

in Ms. Vazquez's inner circle, the people that were involved with bank fraud, if they decide they want to take every picture of a person's phone, every text that sent thousands of threats, people have nothing to do with the case, that's their prerogative. There is a much more efficient way to do that, and that's to go to the experts, the people involved, and then also do key word searches. We understand there is a lot of material. it is a phone. it's given to them in a searchable form." Transcript of Status Conference Held Before Honorable Judge Silvia L. Carreño-Coll on August 7, 2024, Dkt. 641 at pp. 39-40.

Yet, as noted, the Designation contains sweeping references to "all content" and "records obtained," revealing that the Government has certainly not engaged in any "searches" or other review and intends to rely on every document on the collected cellphones and every other record obtained from numerous sources. The Court should simply not countenance such obvious and inappropriate efforts to derail Mr. Herrera's trial preparation.

## III.  LEGAL AUTHORITY

A. <u>Federal Rule of Criminal Procedure 12(b)(4) provides</u>:

> (B) *At the Defendant's Request*. **At the arraignment or as soon afterward as practicable**, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B) (Emphasis added). The guidelines established by Rule 12(b)(4)(B) presume that prior to filing the Indictment, the Government will be prepared not only to produce the evidence it must under Rule 16, *Brady* and *Giglio*, but also to designate the evidence it intends to rely on during its case-in-chief at trial. This is consistent with the Speedy Trial Act, 18 U.S.C. § 3161(b), which mandates that a trial be held within 70 days from the filing of the Indictment.

As Rule 12(b)(4) makes clear, it "provides a mechanism for insuring that a defendant knows of the government's intention to use evidence to which the defendant may want to object" so that the defendant may "avoid the necessity of moving to suppress evidence which the

government does not intend to use." *United States v. de la Cruz-Paulino,* 61 F.3d 986, 994 (1st Cir. 1995).

In *de la Cruz-Paulino,* the First Circuit emphasized that an open-ended Designation of Evidence does not satisfy the Rule 12(b)(4) notice requirement because it "does not specify which evidence the government intends to use at trial." *Id.* at 993. In that case, the court found that the Government violated its Rule 12(b)(4) obligations by not indicating beforehand its intention to introduce two specific items of evidence (a telephone and cardboard). *Id.* at 995. The court also urged district courts "to impose appropriate sanctions for governmental noncompliance" and encouraged them to "grant continuances and hold additional suppression hearings where warranted." *Id.* Furthermore, the First Circuit noted that "[w]here governmental noncompliance is the result of bad faith, exclusion of the undesignated evidence may be appropriate." *Id.*

B. Motions *in Limine*

A motion *in limine* allows a defendant to "exclude anticipated evidence before the evidence is actually offered" at trial. *Aponte-Navedo v. Nalco Chem., Inc.*, 848 F. Supp. 2d 171, 202 (D.P.R. 2012) citing *Luce v. United States*, 469 U.S. 38, 40, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).

### IV.     ARGUMENT

**A. The Designation of Evidence lacks sufficient specificity contrary to the Court's and Rule 12(b)(4)'s intended purpose.**

The Government's broad, all-inclusive Designation prevents Mr. Herrera from determining whether a motion to suppress or *in limine* is warranted since it fails to specify which of the millions of documents (**Categories 1-27**) it will rely upon.[6] Rule 12(b)(4) was enacted precisely to avoid a defendant from having to file needless motions based on evidence the Government does not intend to use. *See Cruz-Paulino, supra,* 61 F.3d at 993-994.

---

[6] Needless to say, Mr. Herrera has not even been able to review all the information provided and pending, which is voluminous. *See* Mr. Herrera's Motion to Continue Trial, Dkt. 592

The broadness of Categories 1-27 is self-evident. For example, No. 1 reads: "All content from John Blakeman's cellphone responsive to the corresponding search warrant and that supports the facts underlying Counts One, Two, Three, and Four of the Indictment." Setting aside, for now, the fact that what evidence "supports facts underlying Counts One, Two, Three and Four of the Indictment" will be heavily contested at trial, consider that a single cell phone can contain thousands of pieces of data, including text messages, photos, videos, contacts, and notes. Without a more detailed description of which specific documents, photos, or files from Mr. Blakeman's phone the Government intends to introduce at trial, Mr. Herrera cannot reasonably determine whether a motion to suppress or a motion *in limine is appropriate*. The same problem exists for at least at least four other phones. *See* Categories 1-4 and 9.

Similarly, No. 5 reads: "All content from Defendant Julio M. Herrera Velutini's Apple Account responsive to the corresponding search warrant and that supports the facts underlying Counts One, Two, Three and Four of the Indictment." Assuming Mr. Herrera has one Apple Account, this contains nearly 200,000 pages of emails, documents, photos, and other data. **See Exhibit 1**. The Government provides the same exact description for four other email accounts. *See* Categories 5- 8 and 10 (thousands more pages of material).

The same goes for financial records of financial institutions, where the Government broadly lists "all" records from at least six financial institutions. *See* Categories 11, 19, and 21. However, it fails to clarify whether these records pertain to checking accounts, investment accounts, or other types of financial information, leaving Mr. Herrera guessing. The Government also vaguely indicates "records" from at least six individuals that "support the facts underlying Counts One, Two, Three, and Four of the Indictment" and messages with Political Consultant A and related to a Diario Las Americas 2020 article about Wanda Vazquez. *See* Categories 12, 14, 18, 20, 22, 26, and 27.

7

Clearly, the documents in Categories 1-27 are missing essential details, such as specific dates, Bates numbers, production dates, or the medium (whether it be video recording, image, audio, or text). These details are crucial for Mr. Herrera to identify the designated documents efficiently. Given the sheer volume–literally tens of millions of pages– it is impossible for Mr. Herrera, or any defendant, to efficiently locate and review the relevant materials without precise direction.

### B. The Court has the authority to compel the Government to provide a more specific Designation.

Providing open-ended Designations does not satisfy Rule 12(d)(2) because "the defendant is still 'left in the dark' as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial." *Cruz Paulino, supra*, 61 F3d at 993 (quoting *United States v. Kelley,* 120 F.R.D. 103, 107 (E.D.Wis.1988)).

In *United States v. Montague*, No. 14-CR-6136-FPG-JWF, 2016 WL 11621620, at *1 (W.D.N.Y. May 17, 2016) (Not Reported in F.Supp.2d), in the Context of Discovery Disclosures, the Court found that in multidefendant cases, with complex and voluminous discovery "courts have imposed on the government the obligation to organize and disclose discovery materials in a process and format that permits defense counsel to effectively review ESI material and prepare for trial efficiently and productively." Further, the Court in *Montague* found that "the Government is the party better able to bear the burden of organizing these records for over twenty defendants in a manner useful to all. So-called 'data dumps' do not comply with Rule 16." *Id.* "In meeting its disclosure obligations, the government 'may not simply identify a large number of documents that it may or may not seek to introduce at trial.'" *Id*. (quoting in part *United States v. Rickets*, No, 15-153, 2015 WL 9478136, at *3 (E.D. La. Dec. 29, 2014)).

8

Similarly, here, the Government, having produced documents on such a massive scale, must facilitate a more manageable review process–for the purpose of determining whether motions to suppress and/or *in limine* are appropriate—by specifying details such as the Bates number. This requested level of specificity will ensure that the process is conducted in a manner that will help fulfill the purpose of the Rule 12(b)(4) Notice requirement. Although Rule 12(b)(4)(B) "was not designed to give defendants notice of the government's trial strategy, the government's failure to designate certain pieces of evidence could work an unfairness if the defendant were not prepared immediately to rebut it." *de la Cruz-Paulino*, 61 F.3d at 995.

The Government cites case law at the beginning of the Designation of Evidence to purportedly argue that its Designation is proper. However, it seems to be a precautionary measure to compensate for the ambiguity in the designated categories. The fact remains that the motions before these other courts were made at an early stage of the proceedings, and the discovery itself was not voluminous. *See United States v. Yonis Muhudin Ishak*, 277 F.R.D. 156, (E.D. Va. 2011) and Docket No. 196, 1:11-cr-00261-TSE, at p.3. "Government's Response In Opposition To Defendants' Motions For Designation Of Evidence" ("The government has produced a significant volume of material in this case, but this volume does not approach that found in many white-collar cases."); *United States v. El-Silimy*, 228 F.R.D. 52, 57 (D. Me. 2005), and Docket No. 18, 1:04-cr-00063-DBH at p. 3 (defendant stating that discovery involved 80,000 pages of documents). Hence, Mr. Herrera's request for specificity merits being addressed in a different light.

Further, when considered together with the Government's representations that the voluminous production would be reduced to concrete, identifiable documents, the Government's Designation now equates to an intentional data dump that impedes Mr. Herrera's ability to file motions to suppress or other pre-trial motions. Because of the voluminous nature of the documents involved, Mr. Herrera could potentially spend the entirety of the remaining time before trial sifting

9

through documents the Government will opt not to use and move to suppress unnecessary items, weakening his defense and wasting the Court's time and resources.

While a violation of Rule 12(b)(4) is subject to appellate review for prejudice, the First Circuit has made clear that they "do not condone governmental violations of this sort" […and] "rel[ies] on district courts to impose appropriate sanctions for governmental noncompliance and encourage them to grant continuances and hold additional suppression hearings where warranted." *Id*.

Further, requests for specificity in Rule 12(b)(4) Designations of Evidence have been granted. For example, in *United States v. Lujan*, 530 F. Supp. 2d 1224, 1245 (D.N.M. 2008), the Court ordered the Government to notify the defendants of all evidence that it knew it did not intend to introduce at trial. *See also United States v. McCluskey*, No. 10-CR-2734 JCH, 2012 U.S. Dist. LEXIS 198245, at *42-43 (D.N.M. 2012) (ordering the Government to "notify Defendant of any Rule 16 evidence it does not intend to introduce, including any information from a warrantless search or seizure; search or seizure based on a warrant; surveillance; interview; tracking device; mail cover; display of any photograph, likeness, image, or voice recording.").

Similarly, lower courts have required, in Rule 12(b)(4) Designations and Discovery Disclosures, that "the government must notify the defendant of the evidence that it intends to use in its case-in-chief - that is, the evidence that will appear on the government's exhibit list for trial." *United States v. Anderson*, 416 F. Supp. 2d 110, 112 (D.D.C. 2006) (ordering the government to notify the defendant of the material seized from his home and office). *See also United States v. Cheatham,* 500 F. Supp. 2d 528, 535-36 (W.D. Pa. 2007) (government's "open file policy ... does not comply with Rule 12(b)(4)(B) because it does not specify which evidence the government intends to use at trial").

In sum, the Court has the discretion to order the degree of specificity it deems necessary in the Designation of Evidence based on the circumstances of each case. Given the voluminous discovery, Mr. Herrera requests the Court to exercise such discretion and order the Government to specify, by Bates numbers, the documents it intends to introduce at trial.

WHEREFORE, the defendant respectfully requests that the Court order the Government to streamline its Designation of Evidence by providing Bates numbers for the evidence designated at Categories 1-27 and, in the alternative, exclude the items listed.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 20th day of September 2024.

**CONTINENTAL PLLC**

*/s/ Christopher M. Kise*
Christopher M. Kise (FBN 855545)
Admitted *Pro Hac Vice*
Primary Email: ckise@continentalpllc.com
Secondary Email: cforjet@continentalpllc.com
101 North Monroe Street, Suite 750
Tallahassee, FL 32301
Telephone: (850) 332-0702

**DLA Piper (Puerto Rico) LLC**

/s/ Sonia I. Torres-Pabón
Sonia I. Torres-Pabón (USDC-PR No. 209310)
sonia.torres@us.dlapiper.com
500 Calle de la Tanca, Ste. 401
San Juan, PR 00901-1969
Tel: 787-281-8100

**The LS Law Firm**

/s/ Lilly Ann Sanchez
Lilly Ann Sanchez, Esq.
Fla. Bar No. 195677
One Biscayne Tower, Suite 2530
2 South Biscayne Blvd.
Miami, Florida 33131
Email: lsanchez@thelsfirm.com
Telephone: (305) 503-5503
Facsimile: (305) 503-6801

## **CERTIFICATE OF SERVICE**

**IT IS HEREBY CERTIFIED** that on this same date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Sonia I. Torres-Pabón*
Sonia I. Torres-Pabón
