## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **CRIMINAL NO. 22-342 (SCC)** |
| **[1] WANDA VÁZQUEZ GARCED,**<br>**[2] JULIO M. HERRERA VELUTINI,**<br>**[3] MARK T. ROSSINI,**<br>**Defendants.** | |

**THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT JULIO
HERRERA'S MOTION TO CONTINUE DISPOSTIVE MOTIONS FILING DEADLINE
(ECF. NO. 664)**

A week before the deadline, Defendant Julio Herrera seeks to continue the dispositive

motions deadline set by this Court nearly four months ago. *See* ECF No. 664. Herrera identifies

three reasons to continue the deadline, each of which is without merit. The request should be

summarily denied by the Court.

First, Herrera alleges that he can't file dispositive motions until he receives <u>and the</u>

<u>Government identifies</u> all *Brady* material. (ECF No. 664, Herrera's Motion, p. 1.) With regard to

the production of *Brady*, Herrera has received all discoverable evidence in the possession of the

prosecution team, including *Jencks* material. Not only has he received the Federal Bureau of

Investigation (FBI) case files for this bribery investigation, the United States has also produced

the entire the FBI case files for two other investigations. As has been the case for several months,

when Herrera is not complaining about lack of discovery, he's complaining about the size of the

discovery.

While it is true that Herrera has filed a pending discovery motion with the Court, resolution

of it should not effect the dispositive motions deadline in this case, in part because the motion is

without merit. With regard to identifying *Brady* material, as the United States will explain in its response to ECF No. 662, Herrera took provisions of the Justice Manual out of context and cherry-picked a handful of district court cases, without mentioning to the Court the vast body of case law, including from the First Circuit, that directly contradicts his position.

Further, discovery disputes are common and often not resolved until well after dispositive motions deadlines. Defendant provides no actual explanation as to why he's prevented from filing dispositive motions. His request to not set a dispositive motions deadline until 90 days after the United States can satisfy all *his* discovery requests is effectively a request to do away with the deadline altogether.

Herrera also argues that he can't file dispositive motions until he receives "an appropriate Designation of Evidence" because the government's "sweeping, 'catch-all' designation of evidence does not provide adequate notice and thus hinders Mr. Herrera's ability to proceed with any suppression motion." *Id.* The Designation of Evidence the United States has filed is exceedingly detailed: it is a 36-page document which specifically provides the defendants the Bates numbers of evidence the Government intends to introduce at trial. This goes well beyond what is required by Rule 12(b)(4)(B) and provides sufficient information to file motions to suppress.

The Advisory Committee's Note accompanying Rule 12(b)(4)(B) makes it clear that the Rule's purpose is to ensure a defendant "can make his motion to suppress prior to trial" by "request[ing] the government to give notice of its intention to use specified evidence which the defendant is entitled to discovery under Rule 16." Rule 12, Fed. R. Crim. P. Advisory Committee's note. The Government's obligation ends when it has made disclosures that sufficiently allow the defendant to make informed decisions about motions to suppress evidence. "Rule 12(d) was not

designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial." *United States v. de la Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995). Defendant Herrera provides no explanation why he can't move to suppress any of the evidence listed or evidence from the sources of the evidence that are included in the catch all provisions, or file any other dispositive motions that he feels might be appropriate.

Finally, Herrera states that he can't file dispositive motions until all Rule 17 subpoenas have been complied with, again seeking to turn this case into an interminable discovery dispute. The Rule 17 litigation is being separately handled by a magistrate judge. It is commonplace for parties to continue Rule 17 subpoena litigation up until weeks or even days before trial, well past dispositive motions deadlines. Defendant Herrera provides no actual explanation as to why outstanding Rule 17 subpoenas prevent him from filing a motion to suppress any evidence seized by the United States from his phone or emails accounts (which was provided to him, in full, in November of 2022); file a motion to dismiss based on emerging case law; or file any motions to dismiss defendant may deem appropriate.

Finally, Herrera states that the Court "deferred a decision" on his motion alleging outrageous government misconduct. This mischaracterizes this Court's decisions and the law of this case. What the Court did was: deny the request to dismiss based on the allegation of government contact with represented parties and privilege violations; deny the request to dismiss based on allegations that the Grand Jury had been misled; and deny the request to dismiss based on allegations of failure to comply with *Brady* and *Giglio* obligations. *See* ECF No. 506, p. 14, 15, and 16. As to defendant's claims that OCIF's regulatory investigations were co-opted by the FBI, the Court held "even taking as true Herrera's allegations that government misconduct contaminated investigations conducted between 2015 and December 2019, Herrera has not

3

demonstrated how it tainted a subsequent investigation into different conduct." Given that defendant represented to the Court that the motion at ECF No. 262 would be supplemented given then recently produced discovery, the Court held the matter in abeyance. The Court also held that the supplement would have to comply with certain parameters, including but not limited to, that "[a]rguments already rejected or deemed waived in this Opinion and Order are not subject to re-briefing," and any "supplement would be due by the dispositive motions deadline set by the Court." *See* Opinion and Order, pp. 17-18, ECF No. 506. That Opinion and Order was issued in March 19, 2024, and no supplement has since been filed. Defendant Herrera continually asserts he needs a placeholder to argue for misconduct, but he has yet to identify any.

There is no reason that defendant Herrera can't meet the Court ordered deadlines. The United States respectfully requests that the Court 1) maintain this deadline; 2) allow defendant Herrera to seek leave to file any motions past the deadline but require that, in doing so, he state specifically why that particular motion could not have been filed by the deadline and what evidence the motion is based on that defendant did not have prior to the deadline, and 3) allow the United States to respond to the request for leave to file before any such motion is filed.

## Conclusion

For the reasons stated herein, Herrera's Motion should be denied.

## Certificate of Service

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

**RESPECTFULLY SUBMITTED**, this 23rd day of September, 2024.

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S Department of Justice

5

*/s/ Nicholas W. Cannon*
Nicholas W. Cannon (G01814)
Ryan R. Crosswell (G03502)
Trial Attorneys
Department of Justice
Public Integrity Section
1301 New York Ave., NW - 10th Floor
Washington, D.C. 20530
(202) 514-8187
Nicholas.Cannon2@usdoj.gov

5